UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

PERCIVAL LALAH, an individual,  Case No.:
and GLASMIE LALAH, an individual,

    Plaintiffs,

v.

SETERUS, INC.,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, Seterus, Inc. ("Seterus"), by its attorneys, submits this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446. As grounds for this removal, Seterus states as follows.

1. Seterus is named as the defendant in a civil action filed on or about October 20, 2015 by Plaintiffs Percival Lalah and Glasmie Lalah (collectively, "Plaintiffs"), in the County Court for the 17th Judicial Circuit in and for Broward County, Florida, bearing case number CONO-15-008381, and styled as *Percival Lalah and Glasmie Lalah v. Seterus, Inc.* (the "State Court Action").

2. On November 6, 2015, Seterus was served with the complaint in the State Court Action. *See* Exhibit A hereto (copies of the State Court Complaint and the summons).

3. This Notice of Removal is timely under 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a) because it is filed within 30 days of the date when Seterus was served with a copy of the complaint, excluding "the day of the act, event, or default from which the designated period of time beings to run" and the last day if it is a Saturday, Sunday, or legal holiday.

1

4. Seterus has not yet filed an answer or otherwise responded to the complaint in the State Court Action.

5. Removal to this District Court is proper because this is the district which embraces the county in which Plaintiffs filed the State Court Action, within the meaning of 28 U.S.C. § 1441(a).

6. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a), because the complaint arises under the federal Real Estate Settlement Procedures Act, 15 U.S.C. § 2605(k) ("RESPA").

7. As required by 28 U.S.C. § 1446(d), Seterus is providing written notice of the removal of this action to Plaintiffs and the Broward County Court contemporaneously with the filing of this Removal.

8. Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit A are accurate copies of all papers received by Seterus as of the filing of this Removal.

WHEREFORE, Seterus requests that the State Court Action be removed from state court to this Court, and that this Court assume jurisdiction over the action and determine it on the merits.

Dated:  November 27, 2015               Respectfully submitted,

                                                 **SETERUS, INC.,**

                               By:   /s/ Gianna Hillis
                                     Gianna Hillis, Esq.
                                     MAURICE WUTSCHER LLP
                                     Florida Bar No. 89180
                                     333 SE 2nd Avenue, Suite 2000
                                     Miami, FL  33131
                                     Cell:  (561) 306-2182
                                     ghillis@mauricewutscher.com

**Certificate of Service**

      I, Gianna Hillis, an attorney, hereby certify that on this **November 27, 2015**, service of a true and correct copy of the foregoing document and any related exhibits was accomplished pursuant to ECF on all parties who are Filing Users, and by regular first class mail to the following:

Brian K. Korte, Esq.
KORTE & WORTMAN, P.A.
2041 Vista Parkway
West Palm Beach, FL 33411
Tel: (561) 228-6200
Fax: (561) 245-9075
E-mail: BKorte@kwlawfirm.com
*Counsel for Plaintiff*

                                                  /s/Gianna Hillis

# EXHIBIT A

Case Number: CONO-15-008381 Division: 72
Filing # 33441456 E-Filed 10/20/2015 12:04:16 PM

IN THE COUNTY COURT OF THE 17TH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NUMBER:

PERCIVAL LALAH, an individual,
And GLASMIE LALAH, an individual,

11-6-15
1:00pm
Anyb

PLAINTIFFS

SUMMONS/ NOTICE TO APPEAR
PRETRIAL CONFERENCE

v.

SETERUS INC.,

DEFENDANT(s)

Pretrial Information: Appear at
1600 West Hillsboro Boulevard, Deerfield Beach, FL 33442
on 12/03/2015 at 10:30 AM in North Courtroom 1.

_____/

STATE OF FLORIDA- NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)

Seterus Inc.,
c/o CT COPORATION SYSTEM
1200 South Pine Island Road
Plantation, FL 33324

<u>YOU ARE HEREBY NOTIFIED,</u> that you are required to appear in person or by attorney at the Broward County Courthouse in Courtroom _____, located at 1600 W. HILLSBORO BLVD., DEERFIELD BEACH, FL on _____ on _____ at _____
for a PRETRIAL CONFERENCE before a Judge of this court.

<u>IMPORTANT –READ CAREFULLY
THE CASE WILL NOT BE TRIED AT THAT TIME
DO NOT BRING WITNESSES—APPEAR IN PERSON OR BY ATTORNEY</u>

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the Court by the plaintiff(s) or Defendant(s) shall not excuse the personal appearance of a party or its attorney in the PRETRIAL CONFERENCE. The date time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation of any employee authorized in writing by an officer of the corporation. Written authorization must by brought to the Pretrial Conference.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolves at the pretrial conference. You or your attorney should be prepares to confer with the court and to explain briefly the nature of you dispute, state what effaces have been made to settle the

dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require proof and will expedite the trial, and estimate how long it will take to try the case.

Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at the pretrial conference may result in the imposition of costs and attorney fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment or execution or levy.

**RIGHT TO VENUE** The law gives the person or company who has sued you the right to file in any one of the several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contact was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property of to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where the suit may be filed, where payment is to be made.

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff(s) attorney, if any.

A copy of the statement of claim shall be served with this summon
DATED_____Florida, on_____ OCT 22 2015

Filed by:

                   BRIAN KORTE, ESQUIRE
                   KORTE & WORTMAN, P.A.
           2041 VISTA PARKWAY, SUITE 102
             WEST PALM BEACH, FL 33411
         FEDERALSERVICE@KWLAWFIRM.COM

                             Howard C. Forman
                         AS CLERK OF COURT
                          (COURT SEAL)

                          By _____
                              Deputy Clerk

                                HOWARD C. FORMAN

If you are a person with a disability who needs any accommodation in order to participate in this proceeding you are entitled, at no cost to you, to the provision of certain assistance. Please contact ADA Coordinator Room 470, 201 SE 6th Street, Ft. Lauderdale, Florida 33301, 954.831.7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

Filing # 33441456 E-Filed 10/20/2015 12:04:16 PM

IN THE COUNTY COURT OF THE 17TH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: COND-15-008381

Percival Lalah, an individual,
and Glasmie Lalah, an individual,

        Plaintiffs,

-vs-

Seterus, Inc.,

        Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiffs, **Percival Lalah and Glasmie Lalah** ("Plaintiffs"), by and through undersigned counsel, and brings this action against the Defendant, **Seterus, Inc.** ("Seterus"), and as grounds thereof would allege as follows:

### INTRODUCTION

1. This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA"), and its implementing regulation.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA's implementing regulation.

3. Specifically, Plaintiffs seek the remedies provided in RESPA for Seterus' failure to comply with Section 2605(k) of RESPA, and Section 1024.36 of Regulation X.

## JURISDICTION AND VENUE

4.  Jurisdiction of this Court arises under F.S.A. Chapter 34.01(c) because the amount in controversy is less than $100.00 exclusive of interest, costs and attorney's fees.

5.  Venue is proper because the subject property at issue is located in the city of Tamarac, Broward County, Florida.

## PARTIES

6.  At all times material hereto, Plaintiffs were and are residents of Broward County, Florida and has a mortgage secured by real property located in Broward County, Florida.

7.  At all material times, Defendant, Seterus, was and is a foreign company which regularly engages in the business of servicing mortgages in Broward County, Florida and has done substantial business in Florida.

8.  At all times material hereto, Seterus, is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation which is secured by a mortgage on Plaintiff's primary residence and principal dwelling located at 124* Canyon Way, Wellington, Florida 33414.

## BACKGROUND OF LOAN TRANSACTION

9.  Plaintiff owns the property located in Broward County, Florida at 802* Buttonwood Circle, Tamarac, Florida 33321 (the "Property").

10. As part of the acquisition of the property, Plaintiff obtained a purchase money loan from the original lender, JPMorgan Chase Bank, N.A., in the original principal balance of $276,000.00 (the "Loan").

11. On November 6, 2006, the Loan was executed, including the attendant promissory note, mortgage, and other loan documents (the "Mortgage").

12. The Loan is a federally related mortgage loan as defined by 12 C.F.R. §1024.2(b).

13. Defendant is a servicer within the meaning of the *Real Estate Settlement Procedures Act* ("RESPA") as implemented by Regulation X.

14. In an effort to utilize the protections afforded to consumers by Congress, Plaintiffs through counsel, Korte and Wortman, P.A., caused to be mailed to Seterus a written request for information pursuant to Regulation X (the "RFI"). A copy of the request for information is attached hereto as Exhibit "A".

### Count I: Violation of 12 U.S.C. §2605(k)

15. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 14.

16. The Loan is a federally regulated mortgage loan as defined by 12 C.F.R. § 1024.2(b).

17. Seterus was obligated to acknowledge receipt of the RFI in writing within five (5) business days. 12 C.F.R. § 1024.36(c).

18. Seterus did not provide this written receipt within the time period provided by 12 C.F.R. § 1024.36(c).

19. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer Prohibitions**
> **(1) In general**
> **A servicer of a federally related mortgage shall not—**
> ...
> (E) fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k).

20. Section 1024.36 (Request for Information) of Regulation X was promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696, 10714*, fn. 64 (Feb. 14, 2013) ("The [CFPB] notes that regulations established

pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.36 implements Section 6(k)(1)(D)).

21. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter. 12 U.S.C. § 2617.

22. Seterus has failed or refused to comply with 12 C.F.R. § 1024.36(c) in that Seterus did not provide a written acknowledgement to the RFI within the required timeframe.

23. As such, Seterus has violated 12 U.S.C. § 2605(k)(1)(E).

24. Plaintiffs are entitled to actual damages as a result of Seterus' failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: photocopying costs, postage costs, and reasonable attorney's fees incurred in connection with the RFI. *See* Marais v. Chase Home Finance, LLC, 737 F.3d 711, 721 (6th Cir. 2013) (the Court finding that expenses became actual damages when servicer ignored its statutory duties); Cortez v. Keystone Bank, Inc. 2000 WL 536666, 12 (E.D. Pa. 2000) (the Court finding that actual damages encompass compensation for pecuniary loss); Rawlings v. Dovenmuehle Mortg., Inc., 64 F.Supp.2d 1156, 1164 (M.D. Ala. 1999) (the Court finding that actual damages include costs for correspondence and travel).

25. Plaintiffs are entitled to the costs of this action, together with a reasonable attorney's fee as determined by the Court, pursuant to 12 U.S.C. § 2605(f)(3).

WHEREFORE, Plaintiffs, Percival Lalah and Glasmie Lalah, demand judgment against the Defendant, Seterus, for actual damages together with interest, costs and attorney's fees pursuant to 12 U.S.C. § 2605(f), and any other and further relief as this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all counts.

DATED this 20th day of October, 2015.

                                        Respectfully submitted,

                                        By: /s/ Brian Korte
                                        Brian K. Korte, Esq.
                                        FBN: 0129690
                                        KORTE & WORTMAN, P.A.
                                        Attorneys for Plaintiff
                                        2041 Vista Parkway
                                        West Palm Beach, Florida 33411
                                        Phone: (561) 228-6200
                                        Fax:   (561) 245-9075
                                        E-mail: BKorte@kwlawfirm.com

# EXHIBIT A

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here
8/21

Sent To: Seterus
Street, Apt. No.; or PO Box No.: P.O. Box 2008
City, State, ZIP+4: Grand Rapids, MI 49501-2008

7012 3050 0001 1836 2229

PS Form 3800, August 2006    See Reverse for Instructions



2041 Vista Parkway • Suite 102 • West Palm Beach, Florida 33411
P (561) 228-6200 • F (561) 245-9075 • www.kwlawfirm.com

*Brian K. Korte, Esquire*
*bkorte@kwlawfirm.com*

August 20, 2015

**<u>VIA CERTIFIED MAIL - RETURN RECEIPT</u>**
Seterus Inc.,
P.O. Box 2008
Grand Rapids, MI 49501-2008

Re: Request for Information under 12 CFR 1024.36 of Regulation X and TILA Request
Borrower: Percival Lalah and Glasmie Lalah
Property Address: 8022 Buttonwood Circle
Tamarac, Florida 33321
Account Number: ▇▇▇▇8608

To Whom It May Concern,

Please see the attached letter in regards to the borrowers in reference to the above loan number. Further, be advised that we are representing borrower(s) in reference to this loan. Further, please send all responses to the Qualified Written Request to our office. Thank you.

Sincerely,

Mariel Reyes, Esq.,
For the Firm.



2041 Vista Parkway • Suite 102 • West Palm Beach, Florida 33411
P (561) 228-6200 • F (561) 245-9075 • www.kwlawfirm.com

August 20, 2015

<u>VIA CERTIFIED MAIL - RETURN RECEIPT</u>
Seterus Inc.,
P.O. Box 2008
Grand Rapids, MI 49501-2008

|  |  |  |
|---|---|---|
| Re: | Request for Information under 12 CFR 1024.36 of Regulation X and TILA Request | |
| | Borrower: | Percival Lalah and Glasmie Lalah |
| | Property Address: | 8022 Buttonwood Circle |
| | | Tamarac, Florida 33321 |
| | Account Number: | ▮▮▮▮8608 |

Dear Sir or Madam:

    Please consider this letter to constitute a Request for Information under 12 CFR Section 1024.36 of Regulation X of the Mortgage Servicing Act under RESPA, which Regulation became effective on January 10, 2014. These amendments implemented the Dodd-Frank Wall Street Reform and Consumer Protection Act provisions regarding mortgage loan servicing. Under these amendments, you must acknowledge receipt of this Notice within five (5) days thereof (excluding legal public holidays, Saturdays and Sundays) and must advise us of your responses to this notice within thirty (30) days of receipt thereof (excluding legal public holidays, Saturdays and Sundays).

    Specifically, I am requesting the following information for the period beginning January 10, 2014, until your receipt of this request (the "applicable period"):

1. All correspondence between your company, subsidiaries, servicers attached to this loan that were sent to the borrower from January 10, 2014, through to the present; and proof of mailing, including but not limited to fed ex tracking numbers, certified mail receipts, and/or a letter log showing the date the letter was sent.
2. All five (5) day letters between your company, subsidiaries, servicers following any loss mitigation applications/submissions to this loan that were sent to the borrower from January 10, 2014, through to the present; and proof of mailing, including but not limited to fed ex tracking numbers, certified mail receipts, and/or a letter log showing the date the letter was sent.
3. All thirty (30) day letters between your company, subsidiaries, servicers following any loss mitigation applications/submissions to this loan that were sent to the borrower from January

10, 2014, through to the present; and proof of mailing, including but not limited to fed ex tracking numbers, certified mail receipts, and/or a letter log showing the date the letter was sent.
4. All letter explaining the right to appeal the denial of the modification (if applicable) between your company, subsidiaries, servicers following any loss mitigation applications/submissions to this loan that were sent to the borrower from January 10, 2014, through to the present; and proof of mailing, including but not limited to fed ex tracking numbers, certified mail receipts, and/or a letter log showing the date the letter was sent.
5. All system notes/logs that show the receipt of the loss mitigation submission and that reflect all responses sent to the borrower from January 10, 2014, through to the present.
6. A current pay off statement.
7. Copies of all Notice of Service transfers that were sent to the borrower and proof of mailing, including but not limited to fed ex tracking numbers, certified mail receipts, and/or a letter log showing the date the notice was sent.

If you determine that any of the above information is not available to you, you are required to provide notification of that determination and a basis for that determination, including the contact information for further assistance, within thirty (30) business days pursuant to 12 C.F.R. Part 1024.36(d)(l)(ii).

**Pursuant to Section 1024.36(c), you must acknowledge receipt of this Request within five (5) days thereof (excluding legal public holidays, Saturdays and Sundays) Pursuant to Section 1024.36(d)(ii)(2)(B), you must respond not later than thirty (30) days (excluding legal public holidays, Saturdays and Sundays) after you receive this Request for Information.**

In the event that the Request(s) for Information section of this correspondence has been sent to an address that differs from an exclusive address that you previously designated, and in accordance with Section 1024.36(b), please do one of the following: (I) direct the Request(s) for Information to the correct address; or (2) provide the undersigned a written notice, within five business days, specifying the designated address along with a copy of the original notice sent to the above-referenced client that established the exclusive address in accordance with Section 1024.36(b). Please forward all responses to this request directly to Korte & Wortman, P.A. 2041 Vista Parkway, Suite 102, West Palm Beach, FL 33411.

Very truly yours,

Mariel Reyes, Esq.,
For the Firm